# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT FEBRUARY TERM, 1863.

THE STATE, THE HOBOKEN AND WEEHAWKEN HORSE
RAILROAD COMPANY, PROSECUTORS, v. THE MAYOR
AND COMMON COUNCIL OF THE CITY OF HOBOKEN.

1. Ordinances of the mayor and common council of the city of Hoboken,
prescribing the mode and times of running horse cars through the
streets of said city by any corporation which has laid rails for the pur-
pose of running horse cars thereon, and also that a license shall be first
taken out under certain penalties therein mentioned, *held* invalid
against the prosecutors, holding under their charter and also under
anterior rights derived from the Bergen Turnpike Company, such
company having the right to lay rails through the city without the
consent of the city council.
2. The supplement to the charter of the city of Hudson, of the 15th
March, 1861, authorizing the common council to grant permission to
any persons or corporations to lay railroad tracks through the streets,
and run cars on them, under such licenses and conditions as the said
council should think proper, and subject to be revoked at pleasure,
*held* to be prospective, and not to affect existing rights.

On *certiorari* to remove certain ordinances, passed by the
mayor and common council of the city of Hoboken, providing
for the laying of railroad tracks, and running of railroad cars
thereon, in the city of Hoboken.

The case was argued by *A. O. Zabriskie*, for the prosecutors, and by *F. B. Ogden* and *J. H. Lyon*, for the defendants.

The opinion of the court was delivered by

BROWN, J.    The *certiorari* in this case brings up for review an ordinance passed by the council of the city of Hoboken, on the 26th of June, 1861, and two supplements to the same. The prosecutors, who have laid rails in the city for the purpose of running horse cars, complain that the third, fourth, and seventh sections of the ordinance and the supplements injuriously affect their interests, and that they are illegal.

The third section enacts, that any corporation which has laid rails for such purpose shall run a car each way every day, every half hour, between the hours of six in the morning and ten at night; the fourth, that such corporation shall pay fees for license to run cars; and the seventh, that such corporation shall always keep an office in the city, for the purpose of transacting their business.    The first supplement, approved December 5th, 1861, provides, that if any horse car shall be run upon any track within the city without license, the owner shall be liable to a penalty of fifty dollars.    The second, approved January 29th, 1862, provides a penalty for neglecting to comply with the directions of the third and seventh sections.

If the mayor and council of the city had such power of legislation over the railroad company, it must be found either as a condition annexed to the grant of the franchise to the latter company, or in the grant of legislative power to the city by the legislature of the state.

And first, are the ordinance and supplements legal by reason of conditions annexed to the grant to the railroad company of the right to lay rails?

In order to answer this question, it is necessary to ascertain the origin of the right of the prosecutor to lay rails in the city.

It appears that, in 1859, John H. Bonn and others made themselves a corporation, so far as they could do so, under

the acts for establishing manufacturing companies and the supplements thereto, under the name of the Hoboken and Weehawken Horse Railroad Company, and were authorized, by ordinance of the city council, passed January 3d, 1860, to lay tracks and rails, and run cars through the city. Various regulations of the right granted were inserted in the ordinance, and, among others, three sections, similar to the third, fourth and seventh of the ordinance of June 26th, 1861, which vary only the amount of the license fee and the time of running cars.

It was further provided, by the 12th section of this ordinance of 1860, that it should not be binding on the city nor go into effect until the railroad company executed such an instrument in writing, agreeing, on their part, to perform all the conditions and requirements of the ordinance, as should be approved by the mayor and corporation attorney, and not until such instrument and approval should be filed by the city clerk.

The railroad company did not comply with the terms of this twelfth section, and therefore did not acquire any right by virtue of the ordinance, nor were they subject to its provisions.

On the fourteenth of February, 1860, the prosecutors were incorporated by special act of the legislature. In the preamble to the act, the organization under the laws for incorporating manufacturing companies and the ordinance of January, 1860, are referred to, and, by the seventh section, the company are invested with all the powers necessary to survey, lay out, construct, and operate a horse railroad, from some point in the city near the ferry gates, " through such streets of the city as by said ordinance are designated ;" and by the 16th section, the said " ordinance is confirmed and declared valid and effectual *to grant* to the said company the rights, privileges and franchises therein given and granted, and that the same shall be so construed in all courts and places ; *provided however*, that nothing herein contained shall prevent the said the mayor and council of said city, *with the*

*consent of said company,* from passing and approving an ordi-
nance, and they are hereby authorized to pass and approve
an ordinance altering the said terms, conditions, and stipula-
tions in the said ordinance contained."

It would be perhaps difficult to determine whether the
legislature intended, by this 16th section, to incorporate the
provisions of the ordinance, and make it in effect a part of
the charter or not. If they did, the words are inapt for
that purpose. But it is not necessary to decide whether it
is binding upon the railroad company or not. That ordi-
nance is not before us for review; and assuming that it is
valid and binding upon the railroad company in all its fea-
tures, it does not give any authority to pass any other ordi-
nance on the same subject containing the same or different
provisions. The city council, by the terms of the 16th sec-
tion, can pass no ordinance affecting the interests of the rail-
road company without their consent. The ordinance of 1861
and the supplements vary in material respects that of 1860,
and so far at least are clearly illegal, without reference to what
follows in the next section of the charter. By that section it
is enacted that nothing contained in it shall prejudice the
rights now vested in the Bergen Turnpike Company, but the
said railroad company may exercise not only the powers given,
but with the consent and mutual contract of said company and
the Bergen Turnpike Company, may purchase, lease, and use
for a consideration, and hold, enjoy and exercise all the fran-
chises and powers given to the Bergen Turnpike Company by
a supplement to their charter, approved March 5th, 1858.
*Session Laws* 213.

By this supplement, the turnpike company are authorized
to lay down upon their road, or any part thereof, such track
or tracks of iron rails as they may deem necessary; and that
they shall have power to purchase, with the funds of the
company, such cars, horses, &c., as may be proper and neces-
sary to run on said tracks.

By a statement of facts filed with the papers in the case,
not signed, but which is understood to be agreed to by the

parties, it appears that the railroad company did, in 1860,. lease from the turnpike company their franchise, and that the rails of the prosecutors' road in Hoboken are laid upon the turnpike road, as laid out and constructed fifty years ago,. and that the tracks were laid by the prosecutors, by virtue of their charter and the lease to them from the turnpike company.

By this lease, the railroad company acquired the right to lay rails independently of the ordinance of 1860, and without the consent of the city council. This right is not affected by any condition in the charter of the prosecutors, if such condition was intended to be imposed.

2. Has the legislation of the state given to the city authorities such power over this railroad company as is attempted to be exercised by the ordinance of 1861 ?

The charter of the city gives all the usual municipal powers of legislation, as to establishing a police, for promoting the health and safety of the city, for providing and regulating lights, water, streets, removing nuisances, licensing hack and omnibus drivers, &c., and many other matters, but none which include such legislation as is contained in the ordinance of 1861.

But it is contended that such power is given by the 11th section of a supplement to the city charter, passed March 15th,. 1861. *Session Laws*, 526.

By this section, it is enacted, that " it shall be lawful for the council, by general ordinance, to grant permission to any person or persons, or corporation, to lay railroad tracks and run cars thereon in and over any street or highway within said city, under such licenses, conditions, and restrictions as the said council may think proper, and to alter, change, or revoke the same at pleasure; *provided*, that no such grant or permission shall be made or given until a majority of the property owners along the line of such street or highway shall have first given their consent in writing for such railway track to be laid."

The right to lay the railroad tracks of the prosecutors

existed, and they were in fact laid, as appears by the state of facts above referred to before the passage of this supplement, and it is manifest that this right and these tracks are not intended to be affected by it. The terms of the whole section show that it was intended to be prospective only, and it therefore gives no power whatever over existing rights or roads.

The sections of the ordinance of 1861, and such parts of the supplements as are above referred to, should be declared void, so far as they affect the prosecutors in this case.

Order accordingly.

CITED in *North Hudson Co. Railway* v. *Hoboken,* 12 *Vroom* 77.